[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a hearing on a prejudgment remedy. The court has listened to all the testimony presented, heard the arguments of counsel, reviewed all the exhibits, and taken into consideration all of the evidence in the case. The exact nature of what was intended concerning the "Mack truck" was disputed. It is clear to this court after listening to the evidence that a sale was intended. Not only did the defendant, Peter Cebo, use the word sale, but the insurance agent from Mr. Damman's office also thought that it was a sale. The plaintiff alleges to be the purchaser from the defendant of this truck. The court finds there was a sale. CT Page 4762
The testimony is substantially disputed as to what happened on the September 5, 1996 meeting, but it is clear that the truck was already in possession of the plaintiff. Marie Genise ran a paving and trucking business. On September 5, 1996 she entered into a promissory note which indicates that the amount of the note was $66,000. It was obtained by the sales price of the truck being $76,000 less a check for $10,000 which was check number 1863. Evidence of the sale is shown by the fact there is a lien on the Mack truck, and the court finds that lien was intended to be in favor of Peter J. Cebo.
There is great dispute as to what documents were delivered, but it is clear that in reliance on that promissory note and the discussions, the plaintiff insured the vehicle and assumed that a sale had taken place.
The court finds that it is not totally clear as to what written notice, if any, was necessary under this note. It is somewhat ambiguous. However, the court resolves the ambiguity against the maker which was Peter J. Cebo. The court finds that the fair import of this note was that the failure to make any installments required ten days written notice by the holder to the maker. It is clear that this notice was not given. The holder claims a default in the payments. Mr. Cebo, the holder, then took the truck back from a parking area by using a duplicate set of keys. The vehicle has been under his control and in his possession since.
The court finds that there is probable cause to sustain the validity of the plaintiff's claim.
The court finds that taking the vehicle without a repossessory right in the note or without having made written notice of default was a violation of the promissory note.
The court finds that the value of the plaintiffs in the property at the time the property was wrongfully taken by the defendant, Peter Cebo, was the $10,000 payment that they made by check number 1863. In addition, the plaintiffs made improvements to the vehicle in the approximate sum of $2,400 dollars. Therefore, the total value of the property wrongfully taken by the defendant, Peter Cebo, at the time he took the truck back was not the value of the truck but the value of the interest of the plaintiff in the truck. There is no way that the $66,000 can be moved to the plaintiff's side of the ledger where it is clear CT Page 4763 that their equity was only the $10,000 plus the improvements of $2,400.
The court finds that this property was wrongfully taken and that the plaintiff is entitled to treble damages under §52-564 which makes that amount three times $12,400 or $37,200 dollars. In addition, under the appropriate statutes, attorney's fees are permissible. A reasonable attorney's fees for this type of action would be a one-third fee which is $12,400 dollars. In addition, it is reasonable that this case which should be a courtside case will be tried within three years. The court has added interest at the statutory rate of 10% per annum. Therefore, 30% of the entire amount is $14,880 dollars.
Therefore, the prejudgment remedy is granted in the sum of $64,480 dollars (this is a total of the interest, the attorney's fees, the $10,000, the improvements and the treble damages).
The court finds no probable cause for the claim against Tammy Cebo. Therefore, any claim for an attachment of property owned by her is denied. There was testimony from a real estate expert that their is no property in the defendant Peter J. Cebo's name.
Accordingly, a bond in the sum of $64,480 is ordered to be posted in accordance with the defendant's motion for bond dated March 17, 1997. In the alternative, a security interest on the truck may issue.
KARAZIN, J.